UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**  Federal Square, Newark, NJ 07101

June 22, 2005

**LETTER OPINION**

Robert Taylor, Jr., Pro Se.
P.O. Box 7717
W. Trenton, NJ   08628

      RE:   Robert Taylor, Jr. v. Bergen County Jail
            Civil Action No. 05-343 (KSH)

Sir:

      The Court is in receipt of plaintiff Robert Taylor's application for the appointment of pro bono counsel. For the reasons set forth below, the plaintiff's request is denied.

      On January 18, 2005, plaintiff filed both a Complaint alleging that he was physically assaulted without due cause by an officer of Bergen County Jail, and an application to proceed in forma pauperis ("IFP"). [Docket Entry No. 1]. On March 3, 2005, the plaintiff amended his Complaint to list the requested relief as ninety million dollars.[1] [Docket Entry No. 2]. By Order dated May 24, 2005, the Honorable Katharine S. Hayden granted plaintiff's IFP application, directed the Clerk to file the Amended Complaint and issue summonses, and ordered the plaintiff to effect service. [Docket Entry No. 7]. A summons was served on Bergen County Jail on June 1, 2005. [Docket Entry No. 8].

      On June 15, 2005, the plaintiff filed an application for the appointment of counsel using the form that the Clerk of the Court supplies to pro se litigants. (Application for Pro Bono Counsel, dated June 15, 2005.)  Although the form identifies the factors that the Court considers when evaluating a request for counsel, the plaintiff has not specifically addressed them. Rather, he vaguely asserts that he requires counsel because he cannot represent himself given the complexity of the law and his inability to afford an attorney. (Id. at 3-4.)

      When presented with an application for the appointment of pro bono counsel in a civil case, the Court must consider the factors set forth in Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002). The first consideration is whether or not the plaintiff's claims have some "merit in

---

[1] Plaintiff's Amended Complaint also added the allegation that an "[o]fficer punched [him] in the mouth, jumped [him], and beat [him] up." (Am. Compl. p. 7)

fact and law." Id. at 499. If the case satisfies this threshold, then the Court must consider:

> 1. the plaintiff's ability to present his own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the plaintiff's capacity to retain counsel on his own behalf;
> 5. the extent to which a case is likely to turn on credibility determinations; and
> 6. whether the case will require testimony from expert witnesses.

Id. Assuming, without deciding, that the case has factual and legal merit, application of the above factors shows that the plaintiff is not entitled to the appointment of counsel.

First, at this early stage of the litigation, plaintiff appears able to present his case. While plaintiff asserts that he "do[es] not have the legal knowledge necessary to represent [him]self because the legal issues are to[o] complex and complicated," and that he lacks the necessary legal resources because he is confined, he has not cited any facts to support these assertions. (Application for Pro Bono Counsel, dated June 15, 2005.) To the contrary, the record demonstrates that the plaintiff has successfully filed his Complaint, IFP application, and Amended Complaint, and has competently interacted with the Court. See Christy v. Robinson, 216 F. Supp.2d 398, 409 (D.N.J. 2002). Plaintiff's ability to pursue his claims pro se weighs against the appointment of counsel.

Second, the legal issues here are not complex enough to warrant appointment of pro bono counsel. A court will consider appointment where the law is not clear or where the legal issues are so complex that the plaintiff's case will be greatly disadvantaged without attorney representation. See Montgomery, 294 F.3d at 502. Here, the plaintiff alleges that he was deprived of his civil rights when an officer of the Bergen County Jail assaulted him. "While the ordinary layperson might have difficulty establishing that relief is appropriate pursuant to Plaintiff's stated cause of action, the law in this area is not only voluminous but replete with cases where prisoners capably proceeded pro se." Laudenberger v. Sciotti, No. CIV.A. 99-4155, 2000 WL 19630, at *2 (E.D. Pa. Jan. 10, 2000) (declining to appoint pro bono counsel to a prisoner alleging civil rights violations). Furthermore, the plaintiff has not identified a particular legal complexity that hinders his ability to represent himself. At this early stage of the litigation, plaintiff demonstrates no problems understanding the law or the rules of procedure. As a result, the second factor also weighs against appointing pro bono counsel.

Third, the plaintiff will be able to conduct a factual investigation using the discovery tools available to him under the Federal Rules of Civil Procedure. See Montgomery, 294 F.3d at 503. A review of the documents submitted to the Court demonstrates that he understands the facts from which his claims arise and will be able to conduct discovery to gather additional evidence.[2]

---

[2] Discovery may not commence until the Court enters an Order permitting parties to do so. Such an order will not be entered before an Answer is filed.

Therefore, the third factor also does not support appointment of counsel.

Fourth, with regard to plaintiff's ability to obtain counsel on his own, the Court notes that plaintiff has been granted IFP status, and, presumably, has made a showing of indigence. See 28 U.S.C. § 1915(a) (providing a Court may grant IFP status, and allow a party to proceed without payment of fees and costs, to "a person who submits an affidavit . . . that [he] is unable to pay such costs or give security therefor"). While indigence may bear on plaintiff's capacity to retain counsel on his own, however, it does not by itself persuade the Court to appoint counsel at this time. The plaintiff has not described his efforts to hire an attorney. See Holmes v. Painter, No. CIV.A. 87-0701, 1988 WL 52094, at *1 (E.D. Pa. May 18, 1988) (noting that a prisoner alleging a civil rights claim "must demonstrate a reasonable effort, given his circumstances, to find an attorney on his own" before appointment of pro bono counsel). Furthermore, the statute under which plaintiff brings his constitutional claims contains a fee shifting provision to encourage counsel to represent parties with meritorious civil rights claims. See 42 U.S.C. § 1988(b).[3] Cf. Owens-El v. Robinson, 694 F.2d 941, 942-43 (3d Cir. 1982) (noting that Congress enacted fee-shifting provisions to give attorneys an incentive to take meritorious cases). In view of this statutory incentive and the dearth of evidence that plaintiff tried to get counsel, the court cannot find that plaintiff is unable to obtain counsel at this time. Thus, this consideration weighs against appointing counsel.

Neither of the remaining factors support appointment of pro bono counsel. The factor regarding credibility issues asks the Court to "determine whether the case [will be] solely a swearing contest." Montgomery, 294 F.3d at 505 (internal citations omitted). Since the extent to which this case will hinge on credibility determinations is not yet apparent, this factor weighs neither in favor nor against appointment of pro bono counsel. See Mitchell v. Attorney General, No. CIV.A. 05-882, 2005 WL 1106467, at *1 (D.N.J. Apr. 27, 2005) (noting that it was inappropriate to appoint counsel at the beginning of the litigation, where the factual and legal issues have not yet been developed); see also Pusey v. Green, No. CIV. A. 02-351, 2003 WL 105480, at *3 (D. Del. Jan. 7, 2003) (declining to appoint counsel where it was unclear at that stage in litigation whether the case would turn on credibility determinations). Additionally, the plaintiff has not asserted that the case will require expert testimony. See Montgomery, 294 F.3d at 503-04. Although some cases have noted that a court is likely to appoint counsel where there is a great necessity for an expert, especially a medical expert, see Christy, 216 F. Supp.2d at 410-11, there is nothing before this Court to show that expert testimony, medical or otherwise, will be required. See Mitchell, 2005 WL 1106467, at *1; see also Pusey, 2003 WL 105480, at *3 (declining to appoint counsel when it is unclear that the case will require expert testimony).

---

[3] 42 U.S.C. § 1988(b) provides in relevant part, "[i]n any action or proceeding to enforce a provision of section . . .1983 . . . of this title, the court, it its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

For the reasons set forth above, the plaintiff's application is denied without prejudice to file a further application in the event his circumstances change.[4]

**SO ORDERED.**

 s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

[4]A court may appoint counsel at any stage in the litigation. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).