UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ROBERT TAYLOR,** | : | Civil Action No.: 05-343 (GEB) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION |
| **BERGEN COUNTY JAIL,** | : | |
| Defendant. | : | |

## I.  INTRODUCTION

This matter comes before the Court upon a Motion to Dismiss by Defendant Bergen County Jail for failure to prosecute pursuant to FED. R. CIV. P. 41(b).  For the reasons set forth below Plaintiff's Complaint is dismissed with prejudice.

## II.  FACTS

*Pro-se* Plaintiff Robert Taylor filed a Complaint with an Application to proceed *in forma pauperis* against Defendant on January 18, 2005.  (Civ. No. 05-343, Docket Entry # 1).  Plaintiff's Complaint alleges that an officer came into Plaintiff's cell and assaulted him by striking him in the mouth, which required medical attention.  On March 23, 2005, Plaintiff amended his Complaint to include damages.  (Id. at # 2).  On May 24, 2005, Plaintiff's IFP application was granted.  (Id. at # 7).  Summons were thereafter issued, and on June 15, 2005, Plaintiff filed an application for *pro bono* counsel, which was denied on June 24, 2005.  Plaintiff moved for reconsideration on August 4, 2005, which was also denied on August 11, 2005.  (Id. at #'s 9-12).  An amended Answer was filed by Defendant on August 13, 2005.  (Id. at # 17).  Plaintiff again filed for *pro bono* counsel on August 16, 2005, which was considered a motion for reconsideration and denied on August 23, 2005.  (Id. at #'s 18, 20).  On December 13, 2005, Magistrate Judge Patty Shwartz issued a

Scheduling Order which set forth a discovery schedule, including that interrogatories were to be served by January 9, 2006. (Id. at # 24). The Scheduling Order also instructed parties to inform the court if there were any changes in address. (Id.). Thereafter, Defendant served interrogatories on Plaintiff by mail. The interrogatories were returned with a stamp that Plaintiff was no longer housed at the docketed facility. No interrogatories were served on Defendant by Plaintiff. No further contact by Plaintiff has been noted by Defendant, or reflected on the Civil Docket. No forwarding address has been able to be located. On January 17, 2006, Defendant filed the instant Motion to Dismiss.

The record clearly indicates that Plaintiff has failed to prosecute this action in any meaningful way since he last applied for *pro bono* counsel in September 2005. Plaintiff has not contacted his adversary or the courts and has not instituted any discovery of his own.

### III.  DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure which addresses the involuntary dismissal of an action and claim provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules of any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rules, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. FED. R. CIV. P. 41(b).

A Court may also raise a motion to dismiss an action under Rule 41 *sua sponte* under its inherent case management powers. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by

the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982). Although dismissal is an extreme sanction to be used in limited circumstances, *United States of America v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 161 (3rd Cir. 2003), dismissal is appropriate if a party fails to prosecute the action. FED. R. CIV. P. 41(b); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3rd Cir. 1995). Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution. *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3rd Cir. 1994); *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640-641 (1976).

Courts generally consider six factors when determining whether or not to dismiss under Rule 41(b): (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). While keeping in mind the care with which courts must treat *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972), if a *pro se* plaintiff has been provided with ample opportunity and information to respond to a motion, but nevertheless has continually disregarded his obligations as a litigant, it is not beyond the discretion of the court to dismiss his claim. *Padro v. Heffelfinger*, 110 F.R.D. 333, 335-36 (E.D. Pa. 1986).

Having carefully reviewed these factors, the Court is persuaded that Plaintiff's conduct warrants final dismissal of this case under FED. R. CIV. P. 41(b). Plaintiff is a *pro-se* litigant and has managed this case since its inception. He is responsible for the conduct of the case and cannot claim that the failure to prosecute resulted from the actions of his attorney. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992).

In addition, the Court finds that there is a history of willful dilatoriness. The Court considers a party's conduct over the course of the entire case in assessing dilatoriness. *Adams*, 29 F.3d at 875. Plaintiff has disregarded the deadlines set forth in the Scheduling Order as well as Defendant's interrogatories and Motion to Dismiss. Because nothing before the Court indicates that Plaintiff is unable to properly prosecute this matter, the inference of Plaintiff's willfulness in failing to meet his obligations is inescapable.

The Court notes that in assessing the possibility of alternative sanctions under *Poulis*, that It has given Plaintiff the maximum opportunity to comply. Plaintiff has been given ample opportunity to prosecute his civil action under the deadlines set forth in the Scheduling Order, as well as a significant amount of time to respond to Defendant's Motion to Dismiss.

## IV.   CONCLUSION

The inclusion of the other *Poulis* factors are largely neutral and do not change the Court's conclusion that the balance of the *Poulis* factors supports dismissal of this action. As such, the Court will dismiss with prejudice this civil action pursuant to FED. R. CIV. P. 41(b).

s/Garrett E. Brown, Jr.
**HONORABLE GARRETT E. BROWN, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

Dated:    August 24, 2006